**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.:**

**BRIAN TODD BARNETTE,**
**an Individual**

      **Plaintiff,**

**v.**

**THE HOSPICE OF ST. FRANCIS**
**FOUNDATION, INC.,**
**a Florida Not For Profit Corporation,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **BRIAN TODD BARNETTE** ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, **THE HOSPICE OF ST. FRANCIS FOUNDATION, INC.** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is an adult individual.

3.     Defendant is a Florida Not For Profit Corporation that is located and does business in Brevard County, Florida, and is therefore within the jurisdiction of the Court.

4.     Plaintiff worked for Defendant in Brevard County, Florida, and this venue is therefore proper.

5.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

6.     This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

7.     At all times relevant hereto, Plaintiff was an employee of Defendant.

8.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

9.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

2

10.     Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11.     On or around August 22, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12.     On or around April 15, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal claims within 90 days of his receipt of the same.

13.     On or around April 30, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

14.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.     Plaintiff worked for Defendant, most recently as a Community Relations Liaison, from February 29, 2024, until his termination on April 18, 2025.

17. Once Plaintiff was placed in the Community Relations Liaison role, he mentioned to his Supervisors, including Defendant's Director Elana Pitcher ("Ms. Pitcher"), that Plaintiff was confident that he could execute his duties, which would include networking, cold-calling, increasing engagement, and attendance at large social gatherings, but that he did suffer from social anxiety disorder ("SAD") and post-traumatic stress disorder ("PTSD").

18. Accordingly, Plaintiff requested the reasonable, non-burdensome accommodation of being given a bit of time to be able to navigate the social gatherings and acclimate himself to the unique aspects of his role that could trigger flareups of his disabilities.

19. In March of 2025, Plaintiff received an excellent performance review.

20. On April 16, 2025, Ms. Pitcher told Plaintiff that he was an integral part of the team, and had been doing a great job.

21. Nevertheless, just a couple of days later, on April 18, 2025, Defendant's Director of Human Resources informed Plaintiff that Defendant had decided to terminate his employment, effective immediately.

22. Defendant alleged that Plaintiff was being terminated due to a "fear of public speaking."

23. This was clearly pretextual, as Plaintiff never claimed to suffer from a fear of public speaking, and Plaintiff had performed a multitude of public speaking

tasks including leading training seminars attended by hundreds of people, hosting two (2) radio programs, and leading property tours.

24. It is clear that Defendant discriminated against Plaintiff based on disability or perceived disability, and terminated Plaintiff's employment in retaliation for his requests for reasonable, non-burdensome accommodation for his disabilities.

25. Any other reason theorized by Defendant is mere pretext.

26. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

27. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability or perceived disability and his need for accommodation under the ADA/FCRA.

28. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

29. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

30. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

31. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

32. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment, therefore he is protected class member as envisioned by the ADA and the FCRA.

33. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

34. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

35. Defendant did not have a good faith basis for its actions.

36. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

37. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

38. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA DISPARATE TREATMENT

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 8, 10 through 12, 14 through 28, 30 through 33, 35, and 37 through 39, above.

41. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

42. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

43. Defendant treated Plaintiff less favorably because of his disability and/or "perceived disability."

44. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

46.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

47.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

48.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA DISPARATE TREATMENT

49.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6 through 8, 10 through 11, 13 through 28, 30 through 33, 35, and 37 through 39, above.

50.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

51.    The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

52.    Defendant treated Plaintiff less favorably because of his disability and/or "perceived disability."

53.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

56.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 9 through 12, 14 through 27, and 29 through 39, above.

58. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation.

59. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

60. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

61. Plaintiff's protected activity, and his termination, are causally related.

62. Defendant's stated reasons for Plaintiff's termination are a pretext.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of

punitive damages against Defendant, to deter it and others from such conduct in the future.

65.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

66.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

67.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6 through 7, 9 through 11, 13 through 27, and 29 through 39, above.

68.    Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation.

69.    Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

11

70. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

71. Plaintiff's protected activity, and his termination, are causally related.

72. Defendant's stated reasons for Plaintiff's termination are a pretext.

73. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of

Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this 11ᵗʰ day of July, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*

14